# NOS. 12-20-00070-CV
# 12-20-00071-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *PHILIP J. EMERSON, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

These proceedings are being dismissed for failure to comply with the Texas Rules of Appellate Procedure and a court order. *See* TEX. R. APP. P. 42.3(c).

A party who is not excused by statute or the appellate rules from paying costs must pay-- at the time an item is presented for filing--whatever fees are required by statute or Texas Supreme Court order. TEX. R. APP. P. 5. An appellate court may enforce Rule 5 by any order that is just. *Id*. After giving ten days' notice, an appellate court may dismiss when the appellant fails to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. TEX. R. APP. P. 42.3(c).

On November 14, 2019, Relator, Philip J. Emerson, Jr. filed a statement of inability to afford costs in a separate proceeding, to which the Wood County District Clerk filed a contest. On March 12, 2020, the Honorable Lauren Parish, Senior Judge of the 115th District Court in Upshur County, signed an order concluding that Emerson has the ability to afford payment of court costs. Emerson filed a motion with this Court, in which he challenged Judge Parish's order.

On April 8, this Court issued an order denying Emerson's request to proceed without costs and we ordered that Emerson pay the filing fee on or before April 15.[1] The order warned that

---

[1] Emerson filed a single petition that addressed numerous respondents and trial court proceedings, both civil and criminal. This Court severed the petition into two civil cause numbers and two criminal cause numbers. For this reason, our April 8 order required that Emerson pay only one filing fee for the two civil mandamus proceedings.

failure to remit the filing fee on or before April 15 would result in the Court taking appropriate action, including dismissal of the mandamus proceedings without further notice. The April 15 deadline expired, and Emerson has not paid the required filing fee.

Because Emerson failed, after notice, to comply with Rule 5 and an order of this Court, these proceedings are ***dismissed***. *See* TEX. R. APP. P. 42.3(c).

Opinion delivered April 22, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 22, 2020**

**NO. 12-20-00070-CV**

**PHILIP J. EMERSON, JR.,**
Relator
V.

**HON. JEFF FLETCHER, HON. LAUREN PARISH,**
**AND HON. LUCY HEBRON,**
Respondents

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Philip J. Emerson, Jr.; who is the relator in appellate cause number 12-20-00070-CV and a party to trial court cause numbers 2012-626A and 2019-327, in the 402nd Judicial District Court of Wood County, Texas. Said petition for writ of mandamus having been filed herein on February 28, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should be dismissed, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 22, 2020

NO. 12-20-00071-CV

**PHILIP J. EMERSON, JR.,**
Relator
V.

**HON. JEFF FLETCHER, HON. LAUREN PARISH,
AND HON. LUCY HEBRON,**
Respondents

---

**ORIGINAL PROCEEDING**

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Philip J. Emerson, Jr.; who is the relator in appellate cause number 12-20-00071-CV and a party to trial court cause numbers 2012-626A and 2019-327, in the 402nd Judicial District Court of Wood County, Texas. Said petition for writ of mandamus having been filed herein on February 28, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should be dismissed, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*